UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-0017-CVE |
| ) | (13-CV-0349-CVE-PJC) |
| GARY WAYNE ADAMS, ) | |
| a/k/a Gary W. Adams, ) | |
| a/k/a Gary Wayne Redden, ) | |
| a/k/a Gary W. Redden, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On June 10, 2013, defendant Gary Wayne Adams, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 36). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

### I.

On February 15, 2011, a grand jury returned an indictment charging defendant with possession of a firearm after prior felony conviction. Dkt. # 2. Defendant made his initial appearance on January 3, 2012, and Julia O'Connell, the Federal Public Defender for the Northern District of Oklahoma, was appointed to represent defendant. Dkt. # 4. A change of plea hearing was set for February 3, 2012. Before the hearing, O'Connell advised defendant that he could be sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and defendant

"clearly understood and accepted this." Dkt. # 46-1, at 2. She also advised defendant that "the only appeal issue that might have viability would relate to the reasonableness of his sentence" if he received a sentence greater than 180 months. Id.

Before the change of plea hearing, defendant completed a petition to enter plea of guilty (Dkt. # 19) with the assistance of his attorney. In the petition, defendant acknowledged that he could be facing a mandatory minimum sentence of 15 years if the ACCA applied but, if the ACCA did not apply, his statutory maximum sentence would be 10 years. Dkt. # 19, at 3. The petition states that defendant "believe[d] that [his] attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP SHE HAS GIVEN ME." Id. at 4. Defendant appeared for the change of plea hearing and he advised the Court that he intended to change his plea to guilty.[1] The Court accepted defendant's guilty plea and a sentencing hearing was set for May 4, 2012. Dkt. # 17. Defendant did not enter a plea agreement with the government as part of his guilty plea.

A presentence investigation report (PSR) was prepared by the United States Probation Office, and the PSR noted that defendant had four prior convictions that qualified as violent felonies under the ACCA. One of the four violent felonies was a 1993 conviction for second degree burglary in Freemont County, Colorado. PSR, at 8. Based on a criminal history category of VI and a total offense level of 30, defendant's advisory sentencing guideline range was 180 to 210 months.[2]

---

[1] The Court notes that a transcript of the change of plea hearing or the sentencing hearing has not been requested, but the Court has listened to an audiorecording of both hearings.

[2] The actual guideline range for an offense level of 30 and a criminal history category of VI is 168 to 210 months. However, defendant was subject to sentencing under the ACCA and his statutory mandatory minimum sentence was 180 months, resulting in a guideline range of 180 to 210 months.

2

O'Connell reviewed the PSR with defendant and explained that defendant had four predicate offenses under the ACCA, and she did not believe that the offenses could be challenged. Dkt. # 46-1, at 2. She also believed that defendant fully understood that he would be sentenced under the ACCA. Id. The sentencing hearing was continued to June 15, 2012. At the sentencing hearing, defendant was sentenced to the statutory mandatory minimum sentence of 180 months imprisonment, and the Court advised defendant that he had a right to appeal the sentence. Dkt. ## 22, 24. O'Connell met with defendant after the sentencing hearing and explained the advantages and disadvantages of appealing his sentence, and O'Connell states that defendant instructed her not to file a notice of appeal. Dkt. # 46-1, at 2. Defendant offers a different version of the events and he claims that he specifically instructed O'Connell to file a notice of appeal. Dkt. # 36, at 4. He states that he later learned that O'Connell had not filed a notice of appeal and he attempted to file a pro se notice of appeal. Dkt. # 51, at 1-2. Defendant's pro se notice of appeal (Dkt. # 25) was filed on October 5, 2012, but the government moved to dismiss the appeal due to the untimeliness of the filing of the notice of appeal. Dkt. # 33. Defendant conceded that the appeal was untimely and the appeal was dismissed. Id.

Defendant did not file a timely notice of appeal and his conviction and sentence became final after his deadline to file an appeal expired on July 2, 2012. Defendant's § 2255 motion was filed on June 10, 2013, and the motion is timely under § 2255(f)(1). Defendant requested an extension of time to file a brief in support of his § 2255 motion, and the Court granted defendant's request. However, defendant was advised that his deadline to file a brief asserting new claims was July 2, 2013, but that he could file a brief clarifying his existing claims no later than July 25, 2013. Dkt. # 35. On July 26, 2013, defendant filed a motion to amend his § 2255 motion to add a claim for

3

relief based on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). The Court denied defendant's motion and found that his proposed claim would be meritless. Dkt. # 39. The government has filed a response (Dkt. # 46) to defendant's § 2255 motion, and defendant has filed a reply (Dkt. # 51).

**II.**

Defendant has raised two claims of ineffective assistance of counsel. Defendant argues that his attorney provided ineffective assistance of counsel by failing to challenge the use of a 1993 second degree burglary conviction under Colorado law as a predicate offense under the ACCA. Defendant also argues that he directed his attorney to file a direct appeal following his sentencing hearing, and his counsel failed to comply with his request. The Court is aware that defendant is not represented by an attorney and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe defendant's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t

is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

**A.**

Defendant argues that his 1993 second degree burglary conviction was improperly considered as a violent felony under the ACCA, because the Colorado statute was overbroad and does not constitute a generic burglary statute in light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). The government responds that the statute of conviction, COLO. REV. STAT. § 18-4-203, qualifies as generic burglary under the formal categorical approach, and Descamps has no bearing on whether the 1993 conviction was treated as a predicate offense under the ACCA.

Defendant was convicted of possessing a firearm after having been convicted of a felony and, under 18 U.S.C. § 924(a)(2), the statutory maximum penalty for this offense is ordinarily 10 years imprisonment. However, if a person commits a violation of § 922(g)(1) and has three prior

convictions for a violent felony or a serious drug offense, "such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e). The term "violent felony" means any crime punishable by a term of imprisonment exceeding one year that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ."

18 U.S.C. § 924(e)(2)(B). When determining whether a crime qualifies as a violent felony under the ACCA, a district court must "usually apply a 'categorical approach' that 'limits the sentencing court's inquiry to determining whether the statutory definition of the prior offense satisfies the definition of a violent felony.'" United States v. Cartwright, 678 F. 3d 907, 912 (10th Cir. 2012).

Burglary is specifically listed as a violent felony in § 924(e) but the statute does not define burglary. In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court noted that the elements of burglary vary from state to state, and it supplied a definition of generic burglary for federal courts to use when determining whether a conviction under a state burglary statute constitutes a violent felony under the ACCA. To qualify as a generic burglary under Taylor, a state statute must contain the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598. Courts are generally limited to consideration of the language of the state statute of conviction when determining whether an offense is a generic burglary and, if the state statute necessarily defines burglary more broadly than the generic definition, it may not be treated as a predicate offense under the ACCA. Descamps, 133 S. Ct. at 2285-86. However, if the state burglary statute lists elements in the alternative, a modified categorical approach may be applied to determine if defendant was convicted of a generic burglary,

6

and certain documents may be considered by the sentencing court when determining whether defendant committed a generic or non-generic offense. Id. at 2286.

The statute of conviction for defendant's 1993 second degree burglary conviction is COLO. REV. STAT. § 18-4-203, and the version in effect at the time of defendant's conviction provided:

> (1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property.

On its face, the statute appears to be a generic burglary statute. For a conviction under § 18-4-203, a defendant must "unlawfully enter[] or remain[] 'in a building or occupied structure' with intent to commit a crime charged against person or property." People v. MacBlane, 952 P.2d 824 (Colo. App. 1997). However, in a separate statute, building is defined as "a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property, and includes a ship, trailer, sleeping car, airplane, or other vehicle or place adapted for overnight accommodations of persons or animals, or for carrying on of business therein, whether or not a person or animal is actually present." COLO. REV. STAT. § 18-4-101. This statutory scheme is distinguishable from the California statute at issue in Descamps, because the "building or structure" element contains alternatives that could render a conviction under the statute generic or non-generic burglary. In Descamps, the second degree burglary statute was inherently overbroad because the California burglary statute did not require an unlawful breaking and entering onto property. Instead, the statute included even shoplifting under the definition of burglary and a conviction under the California statute could not be treated as a violent felony. Descamps, 133 S. Ct. at 2282. The Eighth Circuit has determined that the Colorado statute at issue in this case is divisible and that the modified

categorical approach should be applied to determine if a conviction under the statue is a violent felony under the ACCA. United States v. Forrest, 611 F.3d 908 (8th Cir. 2010).

Defendant claims that his attorney was ineffective for failing to challenge the use of his 1993 second degree burglary conviction as a predicate offense under the ACCA. The PSR provides the following description of defendant's offense:

> On November 4, 1993, Adams broke into the Video House, Canon City, Colorado, without permission of owners Vincent and Deanna Hall, and stole more than $400 but less than $15,000. Counts Two through Five, Theft, Criminal Mischief, Resisting Arrest, and Possession of Drug Paraphernalia, respectively, were dismissed.

PSR at 23. It is clear that defendant broke into a building, rather than a boat or airplane, and his offense falls within the definition of generic burglary. Defendant has not raised any challenge to the documents considered by the Court in reaching its decision to treat this conviction as a predicate offense under the ACCA.[3] The Court does not find that O'Connell was ineffective for failing to challenge the use of defendant's 1993 second degree burglary conviction as a predicate offense, and this claim is denied.

**B.**

Defendant argues that O'Connell provided ineffective assistance of counsel by failing to file a notice of appeal. He claims that he instructed his attorney to file a notice of appeal, and he filed a pro se notice of appeal after he discovered that his attorney did not file a notice of appeal. The government has submitted the affidavit of defendant's attorney, O'Connell, who states that she met

---

[3] The Court notes that defendant has three other prior convictions that were determined to be predicate offenses under the ACCA and, even if he were correct that his 1993 conviction should not have been treated as a violent felony, he could not show that this would have affected his sentence.

8

with defendant after the sentencing hearing and that she advised defendant of the advantages and disadvantages of appealing. She states that defendant did not instruct her to file an appeal, and she was not aware that he wanted to appeal until he filed a pro se notice of appeal. Dkt. # 46-1, at 2.

The Supreme Court has clearly established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). While there is no bright-line rule requiring a defense attorney to ask the defendant if he wishes to appeal, an attorney has a duty under the Sixth Amendment to the United States Constitution to consult with his client about the possibility of an appeal if the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. This situation is an exception to the general rule that a defendant must show that his attorney's error had an adverse effect on the proceedings to prevail on a claim on ineffective assistance of counsel, because a defense attorney's failure to file an appeal results in the defendant's forfeiture of a judicial proceeding. Id. at 483. A criminal defendant is not required to show that the appeal would have had merit. Id. at 486. The Tenth Circuit has held that an attorney who disregards a defendant's request to file a notice of appeal is ineffective and this error is presumptively prejudicial. United States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003). The remedy for an attorney's failure to file an appeal as requested by a defendant is granting the defendant leave to file a delayed appeal. United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005).

The government acknowledges that this claim should be set for an evidentiary hearing, because there is a factual dispute as to whether defendant asked O'Connell to file an appeal. Dkt. # 46, at 9-11. The Court agrees that there is a factual dispute that precludes resolution of this claim

based only on the parties' written submissions, and this claim will be set for an evidentiary hearing. If defendant did ask O'Connell to file an appeal and O'Connell disregarded defendant's request, this would constitute ineffective assistance of counsel and defendant would be permitted to file a delayed appeal. However, O'Connell disputes defendant's representations and denies that defendant asked her to file a notice of appeal. This factual dispute is central to defendant's claim and cannot be resolved without an evidentiary hearing.

**IT IS THEREFORE ORDERED** that motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 36) is **denied in part** as to defendant's claim concerning his 1993 second degree burglary conviction. Defendant's claim concerning defense counsel's alleged failure to file a notice of appeal is **under advisement and set for an evidentiary hearing on June 4, 2014 at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the United States Marshal shall arrange for transportation of defendant to the Northern District of Oklahoma for the June 4, 2014 hearing.

**DATED** this 20th day of March, 2014.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE